UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

NELSON MEDEROS
and other similarly situated individuals,

      Plaintiff(s),

v.

AME SALT, INC.,
and JOAO DE SA NOGUEIRA,
individually

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff NELSON MEDEROS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants AME SALT, INC., and JOAO DE SA NOGUEIRA, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff NELSON MEDEROS is a covered employee for purposes of the Act. The Plaintiff is a resident of Duval Hillsborough County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant AME SALT, INC. (hereinafter AME SALT, or Defendant) is a Florida corporation, having a place of business in Palmetto, Manatee County, Florida, where Plaintiff worked. Defendant was engaged in interstate commerce.

4. The individual Defendant JOAO DE SA NOGUEIRA was and is now, the owner/officer and manager of Defendant Corporation AME SALT. Defendant JOAO DE SA NOGUEIRA is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Manatee County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff NELSON MEDEROS as a collective action to recover from the Defendants overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2019, (the "material time") without being properly compensated.

7. Defendant AME SALT is a trader/producer and distributor of salt suitable for water treatment, industrial use, and human and animal consumption.  Defendant has a warehouse/distribution center located at 1905 Intermodal Cir # 227, Palmetto, FL 34221, where Plaintiff worked.

8. Defendants AME SALT and JOAO DE SA NOGUEIRA employed Plaintiff NELSON MEDEROS approximately from July 15, 2019, to October 26, 2020, or 67 weeks.

9. The Plaintiff was employed as a non-exempted full-time, hourly, warehouse employee, and he had general warehousing duties, including packaging and palletizing salt products. Plaintiff was paid at the rate of $15.00 an hour. Plaintiff got an increase, and he was paid at the rate of $15.75 an hour, his last 4 weeks of employment. The Plaintiff's overtime rate should be $22.50 and $23.62 an hour.

10. During his time of employment with Defendants, Plaintiff had a regular schedule. Most of the time, Plaintiff worked 6 days per week, from Mondays to Fridays, and on Sundays from 7:00 AM to 4:00 PM (9 hours daily). Plaintiff completed 48 working hours every week. (Plaintiff has already deducted 1 hour of lunch break that he took every day).

11. From his first day of employment, July 15, 2019, to December 30, 2019, or 24 weeks, Plaintiff was paid for all his hours worked at his regular rate. But he was not paid for overtime hours. Plaintiff is owed half-time overtime in this period.

12. On or about January 01, 2020, supervisors Yoandry LNU and Alexis LNU, informed employees that overtime hours would not be paid at any rate. Defendants would pay only 40 hours. However, if the work was not done, employees would still have to stay to finish and will not get paid for more than 40 hours weekly.

13. After this announcement, Plaintiff and other similarly situated employees continued working the same schedule. Consequently, from January 01, 2020, to October 26, 2020, or 43 weeks, Plaintiff was paid only 40 regular hours, and, in this period, he is owed overtime wages at the rate of time and one-half.

14. Most of the time, Plaintiff did not clock in and out, but the Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff had no access to check the number of hours worked every week.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid weekly with checks without paystubs or any record providing basic information about the number of days and hours worked, wage-rate paid, employee's tax deductions, etc.

17. Plaintiff did not agree with the lack of payment for overtime hours, and he complained to his supervisors many times. On or about September 2020, Plaintiff complained to supervisor Alexis, about his unpaid overtime hours.

18. On or about October 2020, Plaintiff also complained to the owner of the business JOAO DE SA NOGUEIRA. Plaintiff requested to be paid for overtime hours.

19. These complaints constituted protected activity under the Fair Labor Standards Act.

20. After Plaintiff complained about the lack of payment for overtime hours to the owner of the business JOAO DE SA NOGUEIRA, he personally fired Plaintiff on or about October 26, 2020.  JOAO DE SA NOGUEIRA alleged pretextual reasons.

21. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime hours based on his recollections. After discovery, Plaintiff will adjust his statement of claim accordingly.

22. Plaintiff NELSON MEDEROS seeks to recover overtime wages for every hour over 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll

practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff NELSON MEDEROS re-adopts every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This cause of action is brought by Plaintiff NELSON MEDEROS  as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. The Defendant AME SALT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a trader and distributor of salt suitable for water treatment, industry use, and human and animal consumption, and is engaged in interstate commerce.  Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering merchandise produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information

and belief, the annual gross revenue of the Employer/Defendant was proportionally more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

28. Defendants AME SALT and JOAO DE SA NOGUEIRA employed Plaintiff NELSON MEDEROS approximately from July 15, 2019, to October 26, 2020, or 67 weeks.

29. The Plaintiff was employed as a non-exempted full-time, hourly, warehouse employee, and he had general warehousing duties, including packaging and palletizing salt products. Plaintiff was paid at the rate of $15.00 an hour. Plaintiff was paid at the rate of $15.75 an hour, his last 4 weeks of employment.

30. During his time of employment with Defendants, Plaintiff had a regular schedule.  Most of the time, Plaintiff worked 6 days per week, from Mondays to Fridays, and on Sundays from 7:00 AM to 3:30 PM (9 hours daily).  Plaintiff completed 48 working hours every week. (Plaintiff has already deducted 1 hour of lunch break that he took every day).

31. From his first day of employment, July 15, 2019, to December 30, 2019, or 24 weeks, Plaintiff was paid for all his hours worked at his regular rate. But he was not paid for overtime hours. Plaintiff is owed half-time overtime in this period.

32. From January 01, 2020, to October 26, 2020, or 43 weeks, Plaintiff was paid only 40 regular hours, and, in this period, he is owed overtime wages at the rate of time and one-half.

33. Plaintiff always worked more than 40 hours a week, but he was not paid for overtime hours properly.

34. Most of the time, Plaintiff did not clock in and out, but the Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff had no access to check the number of hours worked every week.

35. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

36. The Plaintiff was paid weekly with checks without paystubs or any record providing basic information about the number of days and hours worked, wage-rate paid, employee's tax deduction, etc.

37. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief, the Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

39. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on preliminary calculations. Plaintiff has not deducted some weeks in which he worked 5 days per week for simplification purposes. Thus, these figures will be adjusted after proper discovery.

a.  <u>Total amount of alleged unpaid O/T wages</u>:

Nine Thousand Two Hundred Fifteen Dollars and 84/100 ($9,215.84)

b.  <u>Calculation of such wages</u>:

Relevant weeks of employment:  67 weeks
Total number of relevant weeks: 67 weeks

**1.- Half-time overtime for 24 weeks/48 hours weekly**

Total hours worked:  48 hours weekly
Total overtime hours: 8 hours paid at the regular rate
Regular rate: $15.00 an hour x 1.5=$22.50- $15.00 rate paid=$7.50 difference
Half-time: $7.50

Half-time rate $7.50 x 8 O/T hours= $60.00 weekly x 24 weeks=$1,440.00

**2.- Overtime at time and one-half for 43 weeks/48 hours weekly**

Total hours worked:  48 hours weekly

a)  O/T for 39 weeks/48 hours paid at $15.00 an hour
    Total hours worked:  48 hours weekly
    Total overtime hours: 8 hours paid at $0.00
    Regular rate: $15.00 an hour x 1.5=$22.50

    O/T rate $22.50 x 8 O/T hours= $180.00 weekly x 39 weeks=$7,020.00

b)  O/T for 4 weeks/48 hours paid at $15.75 an hour.
    Total hours worked:  48 hours weekly
    Total overtime hours: 8 hours paid at $0.00
    Regular rate: $15.75 an hour x 1.5=$23.62

    O/T rate $23.62 x 8 O/T hours= $188.96 weekly x 4 weeks=$755.84

Total #1 and #2: $9,215.84

c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

40. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. At the times mentioned, individual Defendant JOAO DE SA NOGUEIRA was the owner/president and manager of AME SALT. Defendant JOAO DE SA NOGUEIRA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of AME SALT concerning its employees, including Plaintiff and others similarly situated.  Defendant JOAO DE SA NOGUEIRA, had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

42. Defendants AME SALT and JOAO DE SA NOGUEIRA knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43. Defendants AME SALT and JOAO DE SA NOGUEIRA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as

required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff NELSON MEDEROS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff NELSON MEDEROS and other similarly situated individuals and against the Defendants AME SALT and JOAO DE SA NOGUEIRA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff NELSON MEDEROS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiff NELSON MEDEROS demands trial by a jury of all issues triable as of right by a jury.

<u>**COUNT II:**</u>
<u>**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**</u>
<u>**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**</u>

45. Plaintiff NELSON MEDEROS re-adopts every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

46. The Defendant AME SALT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a trader and distributor of salt suitable for water treatment, industry use, and human and animal consumption, and is engaged in interstate commerce.  Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering merchandise produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was proportionally more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

47. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

48. Defendants AME SALT and JOAO DE SA NOGUEIRA were and are subjected to the provisions of the Fair Labor Standards Act (FLSA).

49. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

50. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

51. Defendants AME SALT and JOAO DE SA NOGUEIRA employed Plaintiff NELSON MEDEROS approximately from July 15, 2019, to October 26, 2020, or 67 weeks.

52. The Plaintiff was employed as a non-exempted full-time, hourly, warehouse employee, and he had general warehousing duties, including packaging and palletizing salt products. Plaintiff was paid at the rate of $15.00 an hour. Plaintiff was paid at the rate of $15.75 an hour, his last 4 weeks of employment.

53. During his time of employment with Defendants, Plaintiff had a regular schedule.  Most of the time, Plaintiff worked 6 days per week, Plaintiff completed 48 working hours every week. (Plaintiff has already deducted 1 hour of lunch break that he took every day).

54. From his first day of employment, July 15, 2019, to December 30, 2019, or 24 weeks, Plaintiff was paid for all his hours worked at his regular rate. But he was not paid for overtime hours. Plaintiff is owed half-time overtime in this period.

55. From January 01, 2020, to October 26, 2020, or 43 weeks, Plaintiff was paid only 40 regular hours, and, in this period, he is owed overtime wages at the rate of time and one-half.

56. Plaintiff always worked more than 40 hours a week, but he was not paid for overtime hours properly.

57. Most of the time, Plaintiff did not clock in and out, but the Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff had no access to check the number of hours worked every week.

58. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

59. Plaintiff was paid weekly with checks without paystubs or any record providing basic information about the number of days and hours worked, wage-rate paid, employee's tax deduction, etc.

60. Plaintiff did not agree with the lack of payment for overtime hours, and he complained to his supervisors many times. On or about September 2020, Plaintiff complained to supervisor Alexis, about his unpaid overtime hours.

61. On or about October 2020, Plaintiff complained to the owner of the business JOAO DE SA NOGUEIRA.

62. These complaints constituted protected activity under the Fair Labor Standards Act.

63. After Plaintiff complained about the lack of payment for overtime hours to the owner of the business JOAO DE SA NOGUEIRA, he personally fired Plaintiff on or about October 26, 2020.  JOAO DE SA NOGUEIRA alleged pretextual reasons.

64. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

65. There is a proximity between the Plaintiff's protected activity and the date of his termination.

66. Defendants AME SALT and JOAO DE SA NOGUEIRA willfully and intentionally refused to pay Plaintiff overtime wages as required by the FLSA, and then retaliated against Plaintiff by firing him.

67. The motivating factor which caused the Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, the Plaintiff would not have been discharged but for his complaint about overtime wages.

68. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

69. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff NELSON MEDEROS respectfully requests that this Honorable Court:

A. Enter judgment against the Defendants AME SALT and JOAO DE SA NOGUEIRA that Plaintiff NELSON MEDEROS recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

C. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D. Plaintiff NELSON MEDEROS further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff NELSON MEDEROS demands trial by a jury of all issues triable as of right by a jury

Dated:  December 24, 2020,

                                     Respectfully submitted,

                                     By: <u>**/s/ Zandro E. Palma**</u>
                                     ZANDRO E. PALMA, P.A.
                                     Florida Bar No.: 0024031
                                     9100 S. Dadeland Blvd.
                                     Suite 1500
                                     Miami, FL 33156
                                     Telephone: (305) 446-1500
                                     Facsimile:  (305) 446-1502
                                     zep@thepalmalawgroup.com
                                     *Attorney for Plaintiff*